## THOMAS v COLUMBUS RAILWAY, POWER & LIGHT CO.

Ohio Appeals, 2nd Dist, Franklin Co

No 3212. Decided July 18, 1941

W. W. Miller, Columbus; D. T. Keating, Columbus, for plaintiff-appellant.

Henderson, Burr, Randall & Porter, Columbus, for defendant-appellee.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment entered on behalf of the defendant after the court had sustained its demurrer to the fourth amended petition of plaintiff and he had elected to plead no further.

The error assigned is that the court erred in sustaining the demurrer to the fourth amended petition. The fourth amended petition avers that the plaintiff was a passenger on a trolley coach owned and operated by the defendant; that because of the stifling condition of

the air in the car the plaintiff undertook to raise a window in said car; that the plaintiff suffered a fracture of the second metacarpal bone of the forefinger of his right hand.

It is further pleaded that plaintiff was able to insert all of his left hand under the left latch of the window but because of the proximity of the seat in which plaintiff was riding to the right latch of the window he was unable to get more than the forefinger of the right hand thereunder. The negligence averred is that the window was of defective and faulty construction in that it was too tight or too firmly stuck in its runways or grooves to permit of it being opened, and that defendant permitted it to remain in that state.

It is further averred that the plaintiff had no knowledge of the unsafe condition of the window.

We do not have the opinion of any of the three or more members of the Court of Common Pleas who sustained demurrers to the respective petitions, but the briefs of the respective parties are presented upon the question of whether or not the plaintiff was chargeable as a matter of law with contributory negligence.

Of course, contributory negligence is not in the case unless and until the negligence of the defendant appears. We are not satisfied that the trial court erred in sustaining the demurrer upon the theory the the negligence of the plaintiff was at least a contributory cause to the injury of which he complains.

Judgment affirmed.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.